Having reviewed the competent evidence of record and the positions of the parties, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties their Pre-Trial Agreement and at the hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant-employer was a duly qualified self-insured with National Benefits of America, Inc., as its servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $947.52, which yields a maximum compensation rate of $560.00 per week, based upon the Form 22.
5. The issues for determination are:
 a. Whether plaintiff sustained an injury by accident or specific traumatic incident of the work assigned on November 16, 1999, and if so, to what benefits may he be entitled under the Act?
 b. Whether the plaintiff timely gave notice of his injury to his employer, as required by N.C. GEN. STAT. § 97-22?
6. The parties stipulated the following documents into the record:
a. I.C. Forms 18 (2 forms), 22, 33, 33R, and 61,
b. Records of Conover Chiropractic Center, 17 pages,
c. Records of Maiden Family Clinic, 24 pages, and
d. Records of Hickory Orthopaedic Center, 7 pages.
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-nine years old. He has sought chiropractic adjustments since 1994 for his back, due to the heavy lifting nature of his work. His condition, however, did not prevent him from working.
2. Defendant hired plaintiff on or about July 22, 1998, as an upholsterer. Plaintiff's duties included pushing a sofa to a set of bucks, lifting the sofa, and covering it with fabric. The sofa frames generally weighed one hundred and fifty pounds, and fabric and cushions were stacked on the frame.
3. On November 16, 1999, plaintiff was pushing a frame when he slipped on a piece of fabric on the concrete floor. He fell on his right knee and caught himself on the arm of the sofa, following which he felt a pop in his back.
4. Plaintiff reported this incident to Wayne Sigmon, his supervisor, who indicated that he would write it up. Mr. Sigmon did not prepare an injury report. Plaintiff also discussed the slip and fall with coworker Harold Ballew.
5. Plaintiff did not seek medical treatment immediately following the injury. He continued to perform his regular job. However, Mr. Ballew observed that plaintiff began to walk with a limp.
6. On November 30, 1999, plaintiff went to Rick Davis, his chiropractor, for an adjustment. Plaintiff's symptoms were substantially different that those he had voiced over the prior five years. After a number of adjustments, Dr. Davis formed the opinion that plaintiff's symptoms were consistent with a herniated disk. After the December 14, 1999, appointment, the chiropractor referred plaintiff to orthopaedist Dr. P.E. Brown.
7. On December 20, 1999, Dr. Brown examined plaintiff for complaints of right leg and low back pain. An MRI revealed a ruptured disk at L5-S1.
8. Dr. Brown performed surgery at the L5-S1 level on December 30, 1999. After the back surgery, plaintiff's back and leg pain improved, but he continues to have aching from his hip to his heel.
9. On or about January 4, 2000, plaintiff contacted Mossie Parker, with the employer, regarding workers' compensation. She had no record of plaintiff's injury. He related that the injury had been reported to Wayne Sigmon on the date of the injury, but, as Ms. Parker had no record of the injury, she only offered to provide short-term disability to plaintiff. Although plaintiff testified that he spoke with Ms. Parker in December of 1999, prior to the surgery, Ms. Parker's records do not reflect any inquiry until after plaintiff had undergone back surgery.
10. Following plaintiff's telephone call, Ms. Parker contacted Mr. Sigmon and the plant manager regarding plaintiff's alleged injury. She also reported the injury to the servicing agent.
11. On or about January 20, 2000, plaintiff filed a Form 18 on which he notified defendant of the back injury which he sustained on November 16, 1999.
12. Plaintiff was temporarily totally disabled from work during the period from December 4, 1999, through February 29, 2000, as a result of back surgery.
13. Plaintiff returned to work on March 1, 2000, at four hours per day. By March 16, 2000, Dr. Brown released plaintiff to return to full duty.
14. Plaintiff reached maximum medical improvement on March 10, 2000, and he retains a ten percent permanent partial impairment as a result of the November 16, 1999, back injury.
15. Although plaintiff did not mention the exact mechanism of his injury to Dr. Brown or his family doctor at the initial treatment for his back, he did later discuss with his doctors the slip and fall incident of November 16, 1999. The greater weight of the competent medical evidence in the record supports a finding that plaintiff's disk herniation and resulting surgery were as a result of the slip and fall incident which he sustained on November 16, 1999.
16. Defendant contends that it did not have actual or written notice of plaintiff's injury and was prejudiced by plaintiff's failure to give timely notice. The competent evidence in the record, however, supports a finding that the plaintiff reported his slip and fall to his supervisor on the date of the incident. Plaintiff should not be penalized by the supervisor's failure to report the incident as required.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission adopts the following as
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on November 16, 1999. N.C. GEN. STAT. §97-2(6).
2. As a result of the compensable injury, Plaintiff is entitled to temporary total disability compensation at the rate of $560.00 per week for the period from December 4, 1999 through February 29, 2000. N.C. GEN. STAT. § 97-29.
3. Plaintiff is entitled to temporary partial disability compensation at the rate of two-thirds of the difference between his pre-injury wage and the actual post-injury wage for the period from March 1, 2000, through March 15, 2000. N.C. GEN. STAT. § 97-30.
4. Plaintiff is entitled to permanent partial disability compensation at the rate of $560.00 per week for thirty weeks as a result of the ten percent rating to the back. N.C. GEN. STAT. § 97-31(23).
5. Defendant is obligated to pay for medical expenses incurred by plaintiff as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. GEN. STAT. § 97-2(19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant shall pay temporary total disability compensation to the plaintiff at the rate of $560.00 per week for the period from December 4, 1999 through February 29, 2000. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved in this Award.
2. Subject to the reasonable attorney's fee approved in this Award, defendant shall pay temporary partial disability compensation to plaintiff in a lump sum at the rate of two-thirds of the difference between plaintiff's pre-injury wage and his actual wage for the period from March 1, 2000, through March 15, 2000.
3. Subject to the reasonable attorney's fee approved in this Award, defendant shall pay permanent partial disability compensation at the rate of $560.00 per week for thirty weeks for his 10% rating to his back.
4. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraphs 1, 2, and 3 above is hereby approved to be deducted from sums due plaintiff and shall be paid directly to plaintiff's counsel.
5. Defendant shall pay medical expenses incurred when bills for the same have been approved, in accordance with the provisions of the Act.
6. Defendant shall pay the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER